## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 09-20002-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| GEORGE A. BROWN, ) | No. 16-2470-KHV |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

On January 19, 2010, the Court sentenced defendant to 120 months in prison. This matter is before the Court on defendant's pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #27) filed June 27, 2016. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

### Factual Background

On January 7, 2009, a grand jury returned an indictment which charged defendant with being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1). On October 29, 2009, defendant pled guilty.

Defendant's total offense level was 27, with a criminal history category VI, resulting in a guideline range of 130 to 162 months in prison.[1] The statutory maximum of ten years, however,

---

[1] At sentencing, the Court found a base offense level of 20 because defendant possessed a FN FAL .308-caliber semi-automatic rifle, which is a semiautomatic firearm capable of accepting a large capacity magazine. U.S.S.G. § 2K2.1(a)(4); see Statement Of Reasons (Doc. #26) at 1. The Court added four levels because the offense involved nine firearms, U.S.S.G. § 2K2.1(b)(1)(B), four levels because defendant used or possessed a firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6), and two levels because the offense involved a stolen firearm, U.S.S.G. § 2K2.1(b)(4); see Statement Of Reasons (Doc. #26) at 1. The Court subtracted three levels because defendant timely accepted responsibility. U.S.S.G. § 3E1.1.

trumped the calculated guideline range.  See U.S.S.G. § 5G1.1(a).  On January 19, 2010, the Court sentenced defendant to 120 months in prison.

On June 27, 2016, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  Defendant asserts that under Johnson v. United States, 135 S. Ct. 2551 (2015), he is entitled to a reduced sentence.

## Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant argues that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine.[2]  135 S. Ct. at 2557-60, 2563; see Welch v. United States, 136 S. Ct. 1257, 1260-61 (2016).

Defendant argues that based on the reasoning in Johnson, this Court improperly enhanced his sentence based on offenses which no longer qualify as "crimes of violence" under the Guidelines.  Defendant argues that the Court applied the definition of a "crime of violence" under the career offender guideline, U.S.S.G. § 4B1.2(a)(2), and to determine his base offense level under Section 2K2.1(a)(4)(A).  At sentencing, the Court did not enhance defendant's offense level or his

---

[2] Under the ACCA, in addition to certain enumerated crimes and crimes which contain specific elements, the definition of "violent felony" includes a residual clause which covers any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

criminal history category based on the career offender guideline.[3]  See Statement Of Reasons (Doc. #26) at 1.  Likewise, the Court determined defendant's base offense level without reference to any prior "crimes of violence."  In particular, the Court found that defendant's base offense level was 20 because he possessed a semiautomatic firearm capable of accepting a large capacity magazine.  U.S.S.G. § 2K2.1(a)(4)(B)(i)(I).  While Section 2K2.1(a)(4)(A) also provides for a base offense level of 20 if defendant commits an offense after sustaining a felony conviction for a "crime of violence," the Court did not rely on that portion of the guideline.  In sum, because the Court did not rely on any Guidelines provision which requires a conviction of a "crime of violence" or other similar convictions, Johnson has no potential impact in this case.  Accordingly, the Court overrules defendant's motion to vacate his sentence based on Johnson.

### **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief.  Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.  Accordingly, no evidentiary hearing is required.  See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and

---

[3]  As to criminal history, defendant had a total of 22 criminal history points, which already placed him in a Category VI before application of the career offender guideline.  See Presentence Investigation Report (Doc. #22) ¶ 57.

allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #27) filed June 27, 2016 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 15th day of July, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).